IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN PARRA, ) | |
| ID # 53832-177, ) | |
| Movant, ) | |
| ) | No. 3:18-CV-1608-D-BH |
| vs. ) | No. 3:16-CR-286-D(15) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 19, 2018 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

**I.   BACKGROUND**

John Parra (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-286-D (15). The respondent is the United States of America (Government).

**A.   Conviction and Sentencing**

After initially being charged by complaint, Movant and several co-defendants were charged by indictment on June 22, 2016, with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count One). (*See* docs. 1, 239.)[2] He pled guilty to Count One on November 10, 2016, under a plea agreement. (*See* docs. 381, 450.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-286-D(15).

cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 381 at 1.)³ The plea agreement set out the range of punishment for Count One and stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id.* at 2.) He understood that the Court had sole discretion to impose the sentence. (*See id.*) He had reviewed all legal and factual aspects of the case with counsel and believed that it was in his best interest to enter into the plea agreement and plead guilty. (*See id.* at 5.) The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement. (*See id.* at 4.) He waived his right to appeal his conviction and sentence and his right to contest his conviction and sentence in a collateral proceeding, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty plea or the appeal waiver, and (c) to bring a claim of ineffective assistance of counsel. (*See id.* at 4-5.) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea, and to dismiss any remaining charges against him in the pending indictment after sentencing. (*See id.* at 3.)

Movant also agreed in his plea agreement that a factual resume he signed was true and correct and would be submitted as evidence. (*See id.* at 1.) In the factual resume, he stipulated that from September 2013 until approximately February 2016, he and others conspired to possess with intent to distribute a mixture and substance containing methamphetamine. (*See* doc. 380 at

---

³ Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2.) He also stipulated that he worked for another co-defendant assisting with the distribution, delivery, and sale of methamphetamine, and that on April 9, 2014, he assisted with the purchase of a kilogram of methamphetamine from the co-defendant. (*See id.*)

At his re-arraignment on November 10, 2016, Movant acknowledged under oath that he had read the factual resume carefully and discussed it with counsel, that he had committed each of the essential elements of the offense, and that the stipulated facts were true and correct. (*See* doc. 821 at 15-17.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal except in very limited circumstances. (*See id.* at 14.) He affirmed that he had discussed with his attorney how the sentencing guidelines worked; he understood that the guidelines were advisory and that his counsel's professional opinion concerning what he thought the guideline range might be in Movant's case was not a guarantee or promise. (*See id* at 12-13.) He also affirmed that no one had made any specific prediction or promise about what his sentence would be. (*See id.* at 7-8, 11.) He acknowledged that by pleading guilty to Count One, he was subjecting himself to a maximum period of imprisonment of 20 years, a fine that was the largest of one million dollars, double the gross money gain from the offense, or double the money loss caused by the offense, restitution, a mandatory $100 assessment, and a term of supervised release of at least three years and up to the duration of his natural life. (*See id.* at 10-11.) Movant pled guilty, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 15, 17.)

On January 18, 2017, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 538-1 at ¶ 27.) The PSR determined that Movant was accountable for one kilogram of methamphetamine based, in part, on the stipulation in his factual resume that he

assisted a co-defendant with the sale of a kilogram of methamphetamine on April 9, 2014, and controlled purchases of methamphetamine by a confidential informant on March 20, 2014, and April 9, 2014. (*See id.* at ¶¶ 20-23.) After applying U.S.S.G. § 2D1.1, the applicable guideline for Movant's 18 U.S.C. § 846 offense, the PSR calculated the base offense level by using the Drug Quantity Table under U.S.S.G. § 2D1.1(c). (*See id.* at ¶ 28.) Because the offense involved at least 500 grams but less than 1.5 kilograms of methamphetamine, the base offense level was 34 under U.S.S.G. § 2D1.1(c)(3). (*See id.*) Two levels were added under U.S.S.G. § 2D1.1(b)(5)(A) because the offense involved the importation of methamphetamine from Mexico. (*See id.* at ¶ 29.) Two levels were deducted under U.S.S.G. § 5C1.2 because Movant satisfied the criteria limiting the applicability of statutory minimum sentences in certain cases. (*See id.* at ¶ 30.) Because of continued criminal conduct and associations while on pretrial bond, he did not receive any deductions for acceptance of responsibility, resulting in a total offense level of 34. (*See id.* at ¶¶ 36-37.) Based on a criminal history category of one and an offense level of 34, the resulting guideline range was 151-188 months' imprisonment. (*See id.* at ¶ 56.)

At the sentencing hearing on May 26, 2017, Movant testified under oath that he had sufficient time to read and discuss the PSR with his attorney. (*See* doc. 743 at 3.) His counsel objected to the PSR's denial of credit for acceptance of responsibility. (*See id.* at 3-4.) The Court sustained the objection, resulting in a reduced total offense level of 31 and a guideline range of 108-135 months' imprisonment. (*See id.* at 5.) By judgment dated May 30, 2017, Movant was sentenced to 108 months' imprisonment on Count One, to be followed by a three-year term of supervised release. (*See* doc. 681 at 1-3.) He was also ordered to pay a $100 assessment. (*See id.* at 6.) Movant did not appeal his conviction or sentence.

**B.      Substantive Claims**

Movant's § 2255 motion states the following grounds for relief:

(1) Excessive Sentence;

(2) Ineffectiveness of Counsel;

(3) Judicial Indiscretion;

(4) Unconstitutional enhancements.

(No. 3:18-CV-1608-D-BH, doc. 2 at 4-8.)  On August 20, 2018, the Government filed a response. (*See id.*, doc. 5.)  Movant did not file a reply.

## II.      SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality

of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. PROCEDURAL BAR

The Government asserts that Movant's first, third, and fourth grounds for relief are procedurally barred because he failed to raise them on direct appeal. (*See* No. 3:18-CV-1608-D-BH, doc. 5 at 12-13.)

As noted, a movant may be procedurally barred from collaterally attacking claims that were not raised in a direct appeal. *Willis*, 273 F.3d at 595. To overcome the bar, they must show "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The only exception is when a movant can establish a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime convicted. *Id.*

Here, Movant did not challenge his sentence or conviction on direct appeal, and he has not shown any reason for his failure to raise his first, third, and fourth grounds for relief on appeal. He does not assert either cause or prejudice, and he does not establish a fundamental miscarriage of justice. Accordingly, his first, third, and fourth grounds for relief are procedurally barred from consideration in this § 2255 motion.

In the alternative, these claims lack merit. In his first ground for relief alleging an excessive sentence, Movant appears to rely on the Supreme Court's decision in *Hughes v. United States*, 138 S.Ct. 1765 (2018), which was decided over one year after Movant was sentenced in the underlying criminal case. (*See* doc. 681.) The relevant issue in *Hughes* was whether a defendant who entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a specific sentence or sentencing range (Type-C Agreement) was eligible for a sentence reduction under 18 U.S.C. §

3582(c)(2) following the enactment of Amendment 782 to the sentencing guidelines. *See* 138 S.Ct. at 1772; U.S.S.G. App. C, Amdt. 782 (Supp. Nov. 2012-Nov. 2016). Amendment 782 amended the Drug Quantity Table under U.S.S.G. §2D1.1(c) by "reduc[ing] the base offense level by two levels for most drug offenses." *Hughes*, 138 S.Ct. at 1774; *see also* U.S.S.G. App. C, Amdt. 782 (Supp. Nov. 2012-Nov. 2016); U.S.S.G. § 2D1.1(c). Amendment 782 was subsequently made retroactive for defendants sentenced under the higher base offense levels. *See Hughes*, 138 S.Ct. at 1774. Here, Movant does not allege, and the record does not show that he entered into an agreement for a particular sentence or sentencing range. (*See* doc. 381.) Additionally, he received the benefit of Amendment 782 at issue in *Hughes* because the amendment became effective on November 1, 2014, and was therefore incorporated in the 2016 United States Sentencing Guidelines Manual under which he was sentenced. *See United States v. Marichalar*, 782 F. App'x 336, 336-37 (5th Cir. 2019) ("In sentencing [the defendant], the court applied the 2016 version of the Guidelines, which incorporated Amendment 782."). Accordingly, *Hughes* is inapplicable to Movant's claim.

     In his third ground for relief, Movant claims judicial indiscretion: "The trial judge, as has become commonplace in the Northern District of Texas, Dallas Division, concedes to the Government any and all requests, regardless of embellishments, histrionics and the manipulation of statutes known by the Government and trial judge to be unconstitutional, denying the Movant his right to due process of law and his liberty." (No. 3:18-CV-1608-D-BH, doc. 2 at 7.) Because Movant fails to allege anything other than conclusory allegations, he is not entitled to § 2255 relief on this claim and it should be denied. *See Morris v. Thaler*, 425 F. App'x 415, 423 (5th Cir. 2011) ("We label allegations conclusory when they are vague, lacking in specifics, or amount to mere recitations of the relevant legal standards without any supporting factual narrative."); *United States*

*v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.").

In his fourth ground for relief, Movant alleges that his constitutional rights were denied based on a "scheme" by the Government to "enhance all defendants, utilizing a process known to be unconstitutional" and "to get excessive sentences." (No. 3:18-CV-1608-D-BH, doc. 2 at 8.) To the extent his claim can be liberally construed as challenging the technical application of the sentencing guidelines, his challenge is not subject to collateral review in a § 2255 motion. *See, e.g.*, *United States v. Williamson*, 183 F.3d 458, 462 ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."). This claim entitles him to no relief.

Movant's first, third and fourth grounds for relief should be denied.

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

In his second ground for relief, Movant claims that his trial counsel "denied [him] any semblance of effective representation" because he "did not appear on several occasions, misled and coerced the Movant to plea and failed to investigate the information provided by the Movant to provide even an adequate defense." (No. 3:18-CV-1608-D-BH, doc. 2 at 5.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective

8

assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

**A.** <u>**Failure to Appear**</u>

Movant claims his counsel "did not appear on several occasions." (No. 3:18-CV-1608-D-BH, doc. 2 at 5.)

Movant does not identify any hearing or other event at which his counsel failed to appear. Nor has he alleged how any such failure to appear prejudiced his defense. He is therefore not entitled to relief on this conclusory claim, and it should be denied. *See Miller v. Johnson*, 200 F.3d

274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

**B.    Coerced Plea**

Movant claims his counsel "misled and coerced" him to plead guilty. (No. 3:18-CV-1608-D-BH, doc. 2 at 5.)

Movant does not identify any acts, statements, or conduct by his counsel that allegedly misled or coerced him into pleading guilty. Because "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding," he is not entitled to § 2255 relief on this claim. Additionally, Movant's conclusory claim that he was misled and coerced into pleading guilty is contradicted by the record. He stipulated in his factual resume that from September 2013 until approximately February 2016, he and others conspired to possess with intent to distribute a mixture and substance containing methamphetamine, and that he assisted a co-defendant with the distribution, delivery, and sale of methamphetamine. (*See* doc. 380 at 2.) In the plea agreement, Movant stated that he understood the nature and elements of the offense to which he was pleading guilty, that the factual resume was true, and that his guilty plea was freely and voluntarily made and was not the result of force, threats, or promises outside of those in the plea agreement. (*See* doc. 381 at 1, 4.)

Movant was also advised both through the plea agreement and by the Court in person that by pleading guilty, he was subjecting himself to, among other things, a statutory maximum period of imprisonment of 20 years and a mandatory period of supervised release of at least three years. (*See id.* at 2; doc. 821 at 10-11.) He swore in open court that no one threatened or in any way attempted to force him to plead guilty, that no specific prediction or promise had been made to him about what his sentence would be, that he understood counsel's professional opinion about

what the advisory guideline range might be was not a guarantee or promise, and that he understood the Court alone would determine his sentence and could impose a sentence more severe than the applicable guideline range. (*See* doc. 821 at 7-8, 11-13.) With this knowledge, Movant persisted with his guilty plea. (*See id.* at 15.)

Because Movant's plea documents and responses under oath to the Court's questioning show that he was not threatened or forced into pleading guilty, and that he was clearly informed about and understood his sentencing exposure when he pled guilty under the plea agreement, he cannot show prejudice under *Strickland* based on the alleged deficient performance by counsel. *See, e.g.*, *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) ("If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.") (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). Accordingly, Movant is entitled to no relief under § 2255 on this claim, and it should be denied.

C.   **Failure to Investigate**

Movant claims his counsel "failed to investigate the information provided by the Movant to provide even an adequate defense." (No. 3:18-CV-1608-D-BH, doc. 2 at 5.)

Counsel has a duty to investigate the charges and evidence against his client. *Strickland*, 466 U.S. at 690-91. "[C]ounsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id.* at 690. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," however. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal that, "[t]o establish

11

his failure to investigate claim, [the defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him."). "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Here, Movant failed to allege what investigation his counsel should have conducted, what his counsel's investigation would have uncovered that would have been advantageous to him, and how it would have resulted in a different outcome. Accordingly, Movant has failed to satisfy both *Strickland* prongs and § 2255 relief on this ground should be denied.

### V. EVIDENTIARY HEARING

Movant requests an evidentiary hearing "to provide critical information for the record, to be utilized on appeal." (No. 3:18-CV-1608-D-BH, doc. 2 at 13.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted); *see United States v. Cervantes,* 132 F.3d 1106, 1110 (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue.").

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VI. RECOMMENDATION

The movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 19, 2018 (doc. 2), should be **DENIED** with prejudice.

**SIGNED this 13th day of April, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE